A. Evans O'Brien (#026521)
Emily Gildar Wagner (#028881)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Fax: 602.382.6070
E-Mail: eobrien@swlaw.com
ewagner@swlaw.com

Attorneys for FNBN-CMLCON I, LLC

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>CAN AM DEVELOPMENT FORT WORTH LLC,<br><br>        Debtor.<br><br>FNBN-CMLCON I, LLC,<br><br>        Movant,<br><br>v.<br><br>CAN AM DEVELOPMENT FORT WORTH LLC,<br><br>        Respondent. | Proceedings Under Chapter 11<br><br>Case No. 2:15-bk-05344-GBN<br><br>**STIPULATED ORDER TO: (I) MODIFY AND TERMINATE THE AUTOMATIC STAY PROVISIONS OF 11 U.S.C. § 362(A) WITH RESPECT TO REAL PROPERTY GENERALLY LOCATED AT 9605 CLARK ROAD, DALLAS, TX 75249, AND (II) AUTHORIZE THE LIMITED USE OF CASH COLLATERAL** |

Upon consideration of "FNBN-CMLCON I, LLC's Motion for Relief from the Automatic Stay with Respect to Real Property Generally Located at 9605 Clark Road, Dallas, TX 75249" filed by FNBN-CMLCON I, LLC, successor-in-interest to the Federal Deposit Insurance Corporation, as receiver for First National Bank of Nevada, successor-

by-merger to First National Bank of Arizona (the "Lender") on June 5, 2015 (the "Motion," D.E. #18), the "Response to FNBN-CMLCON I, LLC's Motion for Relief from the Automatic Stay with Respect to Real Property Generally Located at 9605 Clark Road, Dallas, TX 75249" filed by the Debtor Can Am Development Fort Worth, L.L.C. (the "Debtor") on June 24, 2015 (the "Response," D.E. #23), no other responses to the Motion being filed by the June 22, 2015 objection deadline or any time thereafter, upon the agreement of the Lender and the Debtor, as indicated by the signature of their respective counsel below, to modify and terminate the 11 U.S.C. § 362(a) automatic stay to allow the Lender to exercise its state law rights and remedies in and to the real property located in Dallas County, Texas at the address of 9605 Clark Road, Dallas, Texas 75249 (the "Real Property") pursuant to non-bankruptcy law, and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

A. The Stipulated Order is GRANTED in its entirety;

B. The automatic stay provisions of 11 U.S.C. § 362(a) are immediately modified and terminated as they relate to the Lender and the Real Property;

C. The Lender shall forbear from proceeding with any and all of its state law rights and remedies as against the Real Property until sixty (60) days after entry of this Stipulated Order. This forbearance period may be extended by ten (10) business days upon the filing and service of a notice of extension by the Debtor by 5:00 p.m. prior to the expiration of the 60-day forbearance period. Upon expiration of the forbearance period (or the extension period, if exercised), the Lender may proceed with any and all of its state law rights and remedies as against the Real Property if the sale of the Real Property has not closed by that time;

D. During the forbearance period, the Debtor shall file a motion pursuant to 11 U.S.C. § 363 with the Court, the terms of which are reviewed and agreed to by the Lender, seeking approval for the sale of the Real Property;

E. Provided the sale of the Real Property closes on the terms reviewed and agreed to by the Lender and approved by the Court, the Lender shall waive any deficiencies against the guarantors of the subject loan;

F. In the event the Real Property does not close as contemplated in Paragraph C of this Stipulated Order, the Lender expressly reserves, and may enforce, any and all rights with respect to any deficiencies against the Debtor and any guarantors;

G. Provided the sale of the Real Property closes on the terms reviewed and agreed to by the Lender and approved by the Court, the Debtor may pay the U.S. Trustee quarterly fees and its attorneys' fees and costs incurred in this bankruptcy proceeding from any funds on hand up to the sale date in the Debtor's debtor-in-possession account. These fees and costs shall not be paid from any proceeds from the sale. In the event the funds in the Debtor's debtor-in-possession account are insufficient to pay the entirety of the U.S. Trustee quarterly fees and the Debtor's attorneys' fees and costs incurred in this bankruptcy proceeding, the Debtor, its principals, members, managers, and/or the guarantors shall be responsible for the remainder of the fees and costs. In the event there are funds remaining in the Debtor's debtor-in-possession account after paying the entirety of the U.S. Trustee quarterly fees and the Debtor's attorneys' fees and costs incurred in this bankruptcy proceeding, the remainder shall be turned over to the Lender;

H. This Stipulated Order granting relief from the automatic stay shall remain binding notwithstanding the conversion of the Debtor's bankruptcy case to a case under any other chapter of Title 11 of the United States Code; and

I. The fourteen-day stay provided by Federal Rule of Bankruptcy Procedure 4001(a)(3) is waived.

**DATED AND SIGNED ABOVE.**

RESPECTFULLY SUBMITTED this 25th day of August, 2015.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

SNELL & WILMER L.L.P.

By:/s/ A. Evans O'Brien
A. Evans O'Brien
Emily Gildar Wagner
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Attorneys for FNBN-CMLCON I, LLC

DRAKE LAW FIRM PLC

By:/s/ Richard A. Drake (with permission)
Richard A. Drake
14500 N Northsight Blvd., Ste. 208
Scottsdale, Arizona 85260
Attorneys for Debtor

22356879